**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL FREEMAN, | : | Case No. 2:24-cv-3886 |
| Plaintiff, | : | |
| vs. | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WILLIAM COOL, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a prisoner who is currently incarcerated at the Ross Correctional Institution (RCI) in Chillicothe, Ohio, initiated this *pro se* civil rights action, which the Court construes as filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that RCI employees "Warden William Cool," "Officer Buckner," "Officer Thompson," "Officer Osborne," "First Shift 5B John Doe Officers," and "Second Shift John Doe Officer" violated Plaintiff's rights while he was housed at RCI. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.*[2]

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] *See Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 617 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

[2] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

I.    **Screening of Complaint**

    A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill*, 630 F.3d 468 F.3d at 70-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B.**    **Plaintiff's Complaint**

In his complaint, Plaintiff asserts claims for alleged violations of the Eighth Amendment to the United States Constitution. (*See* ECF No. 1, at PageID #s 5-13). Plaintiff alleges that RCI prison officials failed to protect him from an attack by Inmate Hall.

Plaintiff alleges that on January 31, 2024, when he was placed in restrictive housing, he advised the "First Shift 5B John Doe Officers" that he was affiliated with the "Blood" gang and the "First Shift 5B John Doe Officers" entered this information into the logbook. *Id.* at 5. According to Plaintiff's complaint, during the second shift, Inmate Hall advised Officers Buckner and Officer Thompson that he was a "Crip," and Inmate Hall refused to be housed in the same cell

3

as Plaintiff. *Id*. Plaintiff claims that Officers Buckner and Thompson escorted him to a holding cage, before "forc[ing]" him into the same cell as Inmate Hall by grabbing his arm and threatening to use a chemical agent against him. *Id*.

Plaintiff alleges that on February 12, 2024, he was assaulted in his cell by cellmate, Inmate Hall. *Id*. Plaintiff asserts that Inmate Hall choked him until he was unconscious, and he required medical care. *Id*. Plaintiff alleges that despite the attack, "John Doe Second Shift Officer" placed him back in the same cell with Inmate Hall on February 13, 2024, after his medical treatment, and he was "forced to fight Inmate Hall until we were maced and extracted." *Id*.[3]

Plaintiff attached several documents to his complaint: an Informal Complaint Request (*Id.* at 8-9), a Conduct Report for Inmate Willie Hall (*Id.* at 10-11), a Conduct Report for Plaintiff (*Id.* at 12), and a Disposition of the Rules Infraction Board (*Id.* at 13). The Informal Complaint Request contains allegations that are substantially similar to his complaint, except the Informal Complaint Request alleges that Officers Buckner and Osborne originally forced him into the cell with Inmate Hall instead of Officers Buckner and Thompson. *Id.* at 8. The Informal Complaint Request also reflects that RCI responded to Plaintiff's grievance (in part): "There is concern with you being returned to the same cell as the inmate that assaulted you. This part of your grievance is granted." *Id.* at 8. The Disposition of the Rules Infraction Board reveals that Plaintiff plead guilty on February 22, 2024, to fighting and disobedience of a direct order. *Id.* at 13.

For relief, plaintiff seeks monetary damages. *Id.* at 7.

---

[3] The undersigned does not understand the complaint to raise a claim for excessive force in connection with this allegation. The attachments to Plaintiff's complaint indicate that Officer Hester maced Plaintiff and Inmate Hall after they fought. (*See* ECF No. 1, at PageID #5). Because Hester is not a defendant to this action, the complaint fails to state a claim upon which relief may be granted with respect to this individual. *See Chapple v. Franklin Cnty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022) (Report and Recommendation), *adopted as modified sub nom. Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022) (citing *Shipp v. CoreCivic*, No. 16-2891, 2018 WL 4265259, at *5 (W.D. Tenn. Sept. 6, 2018)) (declining to analyze and recommending dismissal of allegations against non-parties).

C. Analysis

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed with his Eighth Amendment failure-to-protect claims against Officer Buckner, Officer Osborne, Officer Thompson, and "John Doe Second Shift Officer" in their individual capacities. However, the rest of Plaintiff's claims should be dismissed for the reasons set forth below. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).

Official Capacity Claims

Plaintiff's claims against any Defendant in his or her official capacity must be dismissed to the extent that Plaintiff seeks monetary damages. As noted above, Plaintiff has named all Defendants in their individual and official capacities and seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir.

2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the complaint should be dismissed as to all Defendants in their official capacities.

Warden William Cool

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under § 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A plaintiff must allege defendants were personally involved because "[Section] 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

Plaintiff fails to meet this pleading standard as it relates to Defendant Warden Cool. Plaintiff names Warden Cool as a defendant but makes no allegation that he was personally involved in any of the alleged constitutional violations. (ECF No. 1, at PageID #s 4-6). The mere

6

fact that Defendant is the Warden at RCI is not enough to impose liability under § 1983. Therefore, dismissal of Plaintiff's claims against Defendant Warden Cool in his individual capacity is appropriate.

Failure-to-Protect Claim: "First Shift 5B John Doe Officers"

Plaintiff alleges that the Defendants violated his constitutional rights by originally housing him with Inmate Hall on January 31, 2024, after Plaintiff advised "First Shift 5B John Doe Officers" that he was affiliated with the Blood gang and he was ultimately assaulted by Inmate Hall, who was affiliated with the Crip gang.

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const. amend. VIII. Such a guarantee requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). A prison official, however, only violates an inmate's rights if they act with "deliberate indifference to inmate health or safety." *Id.* at 834 (cleaned up). Eighth Amendment failure-to-protect claims have both an objective and subjective component. *Richmond v. Huq*, 885 F.3d 928, 937-38 (6th Cir. 2018). The objective component requires the inmate to show incarceration "under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component requires the inmate to show "that the individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk." *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 726 (6th Cir. 2022) (cleaned up).

Dismissal of a failure to protect claim is appropriate under 28 U.S.C. § 1915(e)(2) when a plaintiff only expressed a "general concern" to correction officials and "he had not received any threats prior to being transferred" nor "identif[ied] any particular gang members whom he feared." *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001). In the present case, Plaintiff alleges he

alerted "First Shift 5B John Doe Officers" he was affiliated with the "Blood" gang, and these officers entered the information into the logbook (ECF No. 1, at PageID #5), but Plaintiff does not allege that he identified a specific threat Inmate Hall posed to his safety. Plaintiff otherwise fails to allege that these Defendants were aware of a specific threat Inmate Hall posed to his safety or allege what these unidentified Defendants did or failed to do that allegedly violated his constitutional rights. Because Plaintiff has failed to allege facts plausibly suggesting that these Defendants were aware of and disregarded a substantial risk of harm, Defendants "First Shift 5B John Doe Officers" should be dismissed for failure to state a claim upon which relief may be granted.

Conspiracy

To the extent that Plaintiff claims that all Defendants conspired against him, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, Plaintiff's factual allegations are insufficient to suggest that the Defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally protected right.

Accordingly, at this stage of the proceedings, Plaintiff may proceed with his failure-to-protect claims against Officer Buckner, Officer Osborne, Officer Thompson, and "John Doe Second Shift Officer" in their individual capacities. However, Plaintiff has failed to provide summons and U.S. Marshal forms for service on these Defendants. It is therefore **ORDERED**

that Plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for Defendants Buckner, Osborne, and Thompson.  Once the Court receives the requested forms, the Court will order service of process by the United States Marshal.  As to the remaining unidentified "John Doe Second Shift Officer," before service may be issued Plaintiff must file a motion to issue service setting forth the identity of the unidentified Defendant. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when Plaintiff discovers the identity of the unnamed defendant through discovery.  Plaintiff is advised that no service will be issued on the unnamed Defendant unless Plaintiff complies with this Order.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), other than Plaintiff's Eighth Amendment, failure-to-protect claims against Defendants "Second Shift John Doe Officer," Officer Buckner, Officer Osborne, and Officer Thompson.

2. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for service Defendants Buckner, Osborne, and Thompson. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

2. The Clerk of Court is **DIRECTED** send to Plaintiff summons and United States Marshal forms for this purpose.

3. Before service may be issued upon a John Doe defendant, Plaintiff must file a motion to issue service setting forth the identity of the unidentified defendant. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when Plaintiff discovers the identity of "Second Shift John Doe Officer" through discovery. Plaintiff is advised that no service will be issued on the unnamed Defendant unless Plaintiff complies with this Order.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

January 2, 2025                                  *s/Peter B. Silvain, Jr.*
                                                 Peter B. Silvain, Jr.
                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).