UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAMUEL FREEMAN,**

     **Plaintiff,**             :

   v.                                 **Case No. 2:24-cv-3886**
                                       **Chief Judge Sarah D. Morrison**

**WARDEN, ROSS**                  **Magistrate Judge Peter B. Silvain,**
**CORRECTIONAL INSTITUTE,**     **Jr.**
*et al.*,                                :

     **Defendants.**

## ORDER

This matter is before the Court on the Order and Report and Recommendation ("R&R") issued by the Magistrate Judge on January 2, 2025. (R&R, ECF No. 8.) The Magistrate Judge granted Plaintiff Samuel Freeman's request to proceed *in forma pauperis* (ECF No. 7), and, after performing an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Mr. Freeman's claims except for his Eighth Amendment failure-to-protect claims against certain defendants in their individual capacities (R&R). Mr. Freeman timely filed Objections. (Objs., ECF No. 12.) Mr. Freeman then filed an Amended Complaint.[1] (Am. Compl. ECF No. 13.)

---

[1] Mr. Freeman is entitled to amend his complaint without leave of court because the Clerk has not issued any summons and no defendant has been served. Fed. R. Civ. P. 15(a)(1). His Amended Complaint restates the allegations in his original complaint, adding only that "Warden William Cool was placed on notice of the constitutional violations named herein yet failed to act, thereby knowingly acquiesing [sic] in the constitutional violations named herein." (Am. Compl., PAGEID # 77.) Although the R&R preceded the now operative Amended Complaint,

1

For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the R&R (ECF No. 8) and **DISMISSES** Mr. Freeman's claims except for his Eighth Amendment failure-to-protect claims against Defendant Officers Casey,[2] Buckner, Osborne, and Thompson in their individual capacities.

## I. BACKGROUND

Mr. Freeman is an Ohio inmate proceeding without assistance of counsel. (Am. Compl.) He commenced this action against Ross Correctional Institution ("RCI") employees "Warden William Cool," "Officer Buckner," "Officer Thompson," "Officer Osborne," "First Shift 5B John Doe Officers," and "Officer Casey" in their individual and official capacities, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (*Id.* at PAGEID # 76–77.) Mr. Freeman alleges that on January 31, 2024, he advised the "First Shift 5B John Doe Officers" that he was affiliated with the "Blood" gang. (*Id.* at PAGEID # 76.) During the second shift, Mr. Freeman was taken to a cell with Inmate Hall who "acknowledged he was a Crip…and he refused to cell with [Mr. Freeman]." (*Id.*) Officers Buckner and Thompson escorted Mr. Freeman to a holding cage, before "forc[ing]" him into the cell with Inmate Hall by grabbing his arm and threatening to mace him.[3] (*Id.*)

---

the minor alteration in the Amended Complaint does not materially affect the R&R's findings of fact or conclusions of law. Because the Amended Complaint is now the operative complaint, the Court will refer to that filing in this Order.

[2] Mr. Freeman's original complaint identified Officer Casey as "Second Shift John Doe Officer." (*See* ECF No. 1.)

[3] Mr. Freeman's Informal Complaint Request indicates Officers Buckner and Osborne forced him into the cell with Inmate Hall instead of Officers Buckner and Thompson. (Am. Compl., PAGEID # 79.)

2

Mr. Freeman also alleges that Inmate Hall choked him until he was unconscious on February 12, 2024. (*Id.*) Despite the attack, Officer Casey placed him back in the same cell with Inmate Hall on February 13, 2024, and he was "forced to fight Inmate Hall until we were extracted." (*Id.*) He seeks monetary damages. (*Id.* at PAGEID # 77.)

The Magistrate Judge issued an R&R recommending that the Court dismiss Mr. Freeman's claims except for his Eighth Amendment failure-to-protect claims against Defendant Officers Casey, Buckner, Osborne, and Thompson in their individual capacities. (R&R, PAGEID # 58.) Mr. Freeman objects. (*Objs.*, generally.)

## II.  STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.  ANALYSIS

Mr. Freeman objects to the Magistrate Judge's recommendations that his claims be dismissed as to: (1) his individual-capacity claims against Warden Cool; (2) his Eighth Amendment failure-to-protect claim against First Shift 5B John Doe

3

Officers; and (3) his conspiracy claim against all the Defendants.[4] (Objs., *generally*.) The Court addresses each below.

### 1.  Individual-Capacity Claims Against Warden Cool

The Magistrate Judge recommended dismissal of Mr. Freeman's individual-capacity claims against Warden Cool. (*Id.* at PAGEID # 55–56.) The Magistrate Judge explained that "[a] party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct." (*Id.* at PAGEID # 55 (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).) Accordingly, the Magistrate Judge determined that Mr. Freeman's individual-capacity claims against Warden Cool failed because Mr. Freeman did not allege that Warden Cool was personally involved in any of the alleged constitutional violations and "[t]he mere fact that [Warden Cool] is the Warden at RCI is not enough to impose liability under § 1983." (*Id.* at PAGEID # 56.)

Mr. Freeman objects on the basis that he "can show Warden William Cool knowingly acquiesced [sic] in the unconstitutional conduct" because Mr. Freeman "can show Warden Cool was placed on notice and failed to act to the constitutional violations[.]" (Objs., PAGEID # 68.) In his Amended Complaint, Mr. Freeman attempts to fix insufficiencies in his original complaint as to his individual-capacity

---

[4] The Magistrate Judge also recommended dismissal of Mr. Freeman's official-capacity claims because the Eleventh Amendment bars official-capacity suits against state officials for money damages, but Mr. Freeman does not object to this recommendation. (R&R, PAGEID # 54–55.)

4

claims against Warden Cool, alleging that Warden Cool was "placed on notice of the constitutional violations named herein yet failed to act." (Compare ECF No. 1 with No. 13.) But his amended allegations are insufficient to state an individual-capacity claim against Warden Cool because "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998), *cert. denied*, 526 U.S. 1115 (1999)).

Mr. Freeman's objection to the Magistrate Judge's recommended dismissal of his individual-capacity claims against Warden Cool is **OVERRULED**.

### 2. Failure-To-Protect Claim Against First Shift 5B John Doe Officers

The Magistrate Judge recommended dismissal of Mr. Freeman's Eighth Amendment failure-to-protect claim against First Shift 5B John Doe Officers for failure to state a claim because Mr. Freeman did not allege that he identified a specific threat to his safety to these officers. (R&R, PAGEID # 56–57.) The Magistrate Judge explained that:

> Dismissal of a failure to protect claim is appropriate under 28 U.S.C. § 1915(e)(2) when a plaintiff only expressed a "general concern" to correction officials and "he had not received any threats prior to being transferred" nor "identif[ied] any particular gang members whom he feared." *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001). In the present case, Plaintiff alleges he alerted "First Shift 5B John Doe Officers" he was affiliated with the "Blood" gang, and these officers entered the information into the logbook (ECF No. 1, at PageID #5), but Plaintiff does not allege that he identified a specific threat Inmate Hall posed to his safety. Plaintiff otherwise fails to allege that these Defendants were aware of a specific threat Inmate Hall posed to his safety or allege what these unidentified Defendants did or failed to do that allegedly violated his constitutional rights.

5

(*Id.*)

Because the Court finds no error in the Magistrate Judge's conclusions or reasoning, Mr. Freeman's objection to the Magistrate Judge's recommended dismissal of his failure-to-protect claim against First Shift 5B John Doe Officers is **OVERRULED**.

### 3. Conspiracy Claim Against All Defendants

Finally, the Magistrate Judge recommended dismissal of Mr. Freeman's conspiracy claim because he did not plead his claim with sufficient specificity. (R&R, PAGEID # 57.) The Court agrees that his threadbare allegation that "each Defendant worked in concert with one another" is insufficient to state a claim for conspiracy. (Am. Compl., PAGEID # 77.) His objection to the Magistrate Judge's recommended dismissal of his conspiracy claim is **OVERRULED**.

## IV. CONCLUSION

Mr. Freeman's Objections (ECF No. 12) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the R&R (ECF No. 8) and **DISMISSES** Mr. Freeman's claims except for his Eighth Amendment failure-to-protect claims against Defendant Officers Casey, Buckner, Osborne, and Thompson in their individual capacities.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

6